Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS








IN THE INTEREST OF J.A.B., A CHILD



§


 


§


 


§


 


§


 


§



§

No. 08-06-00201-CV



Appeal from


 394th District Court


of Hudspeth County, Texas


(TC # 3828)




MEMORANDUM OPINION



 Marco Antonio Castro appeals from a default judgment establishing his paternity of J.A.B.
and setting child support. We reverse the trial court's judgment and remand for a new trial.

 The Attorney General for the State of Texas sued to establish Castro's paternity of J.A.B. and
set child support. The trial court ordered parentage testing and set the case for final hearing. Castro
did not appear for trial, and the trial court entered a default judgment establishing Castro's paternity
of J.A.B. and requiring him to pay both current and retroactive child support. Castro has filed a brief
raising three issues pertaining to the paternity and child support determinations. Castro asserts in
his first issue that the court abused its discretion in finding that Castro is the father of the child where
the results of the paternity testing were not formally admitted into evidence at trial. In Issues Two
and Three, he challenges the portion of the order requiring that he pay current and retroactive child
support.

 The Attorney General has not filed a brief in response to the issues raised on appeal but has
instead filed a motion to reverse and remand for a new trial. In apparent response to Castro's first
issue, the motion asserts that the parentage test results were "accurately conveyed to the court during
the hearing and were eventually filed after the hearing". However, the Attorney General concedes
the test results were not properly admitted into evidence during the hearing and for that reason
requests, in the interest of justice, that the court's order be reversed and remanded for a new trial in
order (1) to determine Castro's paternity through the proper admission of the parentage testing and
(2) to establish appropriate orders of support. Castro has filed a response indicating that he joins in
the Attorney General's motion to remand the cause for a new trial based on this error.

 We have interpreted the Attorney General's motion as one made pursuant to Rule 42.1 of the
Texas Rules of Appellate Procedure which permits an appellate court to dispose of an appeal in
accordance with an agreement signed by the parties or their attorneys. See Tex.R.App.P. 42.1(a)(2). 
The commentary to Rule 42.1 states that the rule does not permit an appellate court to order a new
trial merely on the agreement of the parties absent reversible error. Tex.R.App.P. 42.1(a)(2) cmt.
to 2002 change. By its motion, the Attorney General has conceded that reversible error occurred in
the trial court and the Attorney General joins in Castro's prayer that the trial court's judgment be
reversed. The parties agree that the cause should be remanded for a new trial. The record before us
shows that at the post-answer default judgment hearing, the paternity test results were discussed in
open court and the trial judge expressed his understanding that the tests showed that Castro was the
father of the child. As represented by both Castro and the Attorney General, the testing results were
not formally offered or admitted into evidence. Having reviewed the record, Castro's brief, and the
agreed motion, we conclude that the trial court abused its discretion by finding that Castro is the
child's father in the absence of properly admitted evidence. We therefore sustain Issues One, Two,
and Three, and grant the agreed motion. The trial court's order establishing paternity and child
support is reversed and the cause is remanded for a new trial.



August 9, 2007 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.